Chief Judge Desmond.
 

 After this action had been brought in Supreme Court, Westchester County, defendants Attorney-General and Public Service Commission moved under subdivision 1 of section 187 of the Civil Practice Act to change the place of trial to Albany County. The motion was denied at Special Term. The Appellate Division, after unanimously affirming the order below, granted defendants leave to appeal to us, certifying a question of law as' to the propriety of its affirming order and certifying also that its affirmance was
 
 “
 
 solely on the law and not in the exercise of discretion ”. It is clear that there is not a dispute as to convenience of witnesses (Civ. Prac. Act, § 187, subd. 3). The State’s position is and has been that plaintiffs had no right to sue in any county except Albany and its main reliance is on section 879 of the Civil Practice Act which reads thus:
 
 “
 
 Where a duty is imposed by statute upon a state officer or board of state officers, an injunction order to restrain him or them, or a person employed by him or them, from the performance of that duty, or to prevent the execution of the statute, shall not be granted except by the supreme court at a term thereof sitting in the department in which the officer or board is located, or the duty is required to be performed; and upon notice of the application therefor to the officer, board or other person to be restrained.”
 

 Defendants say that a trial in Westchester County where none of the 10 plaintiff railroads has an executive or principal office (although 2 of them run trains through that county) would violate section 182 of the Civil Practice Act which requires a Supreme Court action to be tried “ in the county in which one of the parties resided at the commencement thereof ”. Also, they point to still another Civil Practice Act section (§ 1287) as containing an express requirement that proceedings against
 
 *309
 
 the Public Service Commission are to be entertained by the Supreme Court in the Third Judicial District (Albany area) only. Four railroad brotherhoods have been allowed to intervene and support the position of the State.
 

 Special Term rejected each of defendants’ positions. It held that since two of the plaintiff railroad companies operated their lines through Westchester County they were, under settled practice, to be considered as resident in that county for venue purposes. This holding seems correct under a long line of authorities including
 
 Poland
 
 v.
 
 United Traction Co.
 
 (177 N. Y. 557) and
 
 Polley
 
 v.
 
 Lehigh Val. R. R. Co.
 
 (200 N. Y. 585) where this court by answering certified questions concurred in Appellate Division rulings that a railroad company for venue purposes is to be considered a resident of every county through which its line passes. The railroad companies in the
 
 Poland
 
 and
 
 Polley
 
 cases were defendants, not plaintiffs, and no one has turned up a case where the rule has been applied to a railroad company plaintiff, but no reason appears for refusing to make such application. There is no difficulty, therefore, in agreeing with so much of the Special Term opinion in the present case as found compliance with section 182 of the Civil Practice Act.
 

 There is more doubt as to the answer to the second half of the question, that is, as to whether under sections 879 and 1287 of the Civil Practice Act, read singly or together, the State is correct in its insistence that Albany is the only proper county for the trial of this action. The suit is brought by 10 railroads for a declaratory judgment that sections 5á-a, 54-b and 54-c of the Railroad Law (full crew laws) are unconstitutional and for a permanent injunction restraining further enforcement of any of the three statutes. No temporary injunction has been sought. Special Term held that section 879 of the Civil Practice Act, above quoted, refers to temporary injunctions only and means no more than that a temporary injunction to restrain State officers, boards or employees from performing their statutory duties shall be granted by the Supreme Court in that Judicial Department only where the officer or board is located or the duty is required to be performed. Section 879 could, of course, be read as referring to the trial of a suit like the present one where the prayer for judgment includes a request for a temporary injunction as incidental relief. However, we think the true rule is that stated in
 
 Lawson Co.
 
 v.
 
 *310
 

 Browne
 
 (266 App. Div. 183), that is, that the section applies to the granting of temporary injunctions only and not to final injunctions incidental to other relief (see, also,
 
 Bull
 
 v.
 
 Stichman,
 
 189 Misc. 590, 595, reviewed as to other points in 298 N. Y. 516, and see 10 Carmody-Wait, New York Practice, p. 520). It is significant, too, that section 6311 of the new C. P. L. R. which will go into effect September 1, 1963 makes the venue requirement of present section 879 of the Civil Practice Act as applicable to “preliminary injunctions ” only. We do not think any greater effect can be given to the present section. A suit like this one is brought to have a statute declared unconstitutional and the prayer for an injunction is incidental only to the major relief demanded and comes into play only if the plaintiff is awarded the declaratory judgment. Such an injunction adds little to the declaratory part of the judgment and probably would be granted whether or not specifically asked for in the complaint. We cannot read section 879 as meaning that a demand for an injunction as incidental relief had the necessary result that the suit may be tried in Albany County only.
 

 Section 1287 of the Civil Practice Act is not helpful to defendants since it is a part of article 78 of the Civil Practice Act and obviously refers not to actions but to statutory proceedings in the nature of certiorari, mandamus and prohibition.
 

 The order appealed from should be affirmed, with costs, and the certified question answered in the affirmative.
 

 Judges Dye, Fuld, Yah Yoorhis, Bubke, Foster and Scileppi concur.
 

 Order affirmed, etc.